ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DARWIN THOMAS (SBN 80745)
Assistant United States Attorney
  Room 7211, Federal Building
  300 North Los Angeles Street
  Los Angeles, California  90012
  Telephone:  (213) 894-2740
  Facsimile:  (213) 894-0115
  E-mail: Darwin.Thomas@usdoj.gov

Attorneys for United States of America

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 09-2792-DOC(ANx) |
| Plaintiff, | |
| vs. | |
| ORLUN K. JONES, et al., | JUDGMENT OF FORECLOSURE AND ORDER OF SALE |
| Defendants. | Trial: January 27 and 30, 2012 |
| | Courtroom 9-D |
| _____ | Honorable David O. Carter |

This matter was tried to the Court on January 27 and January 30, 2012.
Based on the Clerk's record in this action, on the pleadings of the parties, on the
pretrial conference order filed by the Court in this action, on the evidence
presented at trial, on the judicial notice that has been taken by the Court in this
case, on the argument of the parties in connection with the trial of this case, and on
the Court's findings of fact and conclusions of law filed herein:

1   On the second cause of action in the complaint, for foreclosure of federal tax

2   liens,

3   **IT IS ORDERED, ADJUDGED, and DECREED THAT:**

4   1.  Defendant ORLUN K. JONES is the owner of the following four parcels

5   of real property (the "four subject properties") -

6   (i)   The property located at and commonly referred to as 15805 Lindina

7   Avenue, Riverside, California, referred to herein as the "Lindina"

8   property, legally described as:

9   Parcel 2 of parcel map 8694, as shown by map on file in book
    36, page 74 of maps, records of Riverside County, California;

10

11  (ii)  The property located at and commonly referred to as 7491 Bonnie

    Street, San Bernardino, California, referred to herein as the "Bonnie"

12  property, legally described as:

13  The South one-half of Lot 32, Tract 2289, Wolf and Yates

14  Subdivision, in the County of San Bernardino, State of
    California, as per Map recorded in Book 33 of Maps, page 14,

15  in the office of the County Recorder of said county;

16  (iii)  The property located at and commonly referred to as 21586 Peak

17  Circle, Cedar Pines Park, California, referred to herein as the "Peak

18  Circle" property, legally described as:

19  Lot 59, Tract 2165, Block 4, Cedarpines Park No. 9, in the
    County of San Bernardino, State of California as per map

20  recorded in Book 32, Page 10, of Maps, in the Office of the
    County Recorder of said county.

21  (iv)  The property located at and commonly referred to as 6123 Newcomb

22  Street, San Bernardino, California, referred to herein as the

23  "Newcomb" property,  legally described as:

24  Lot 10 of Tract No. 7294, in the County of San Bernardino,

25  State of California, as per Map recorded in Book 92 of Maps,
    pages 91 and 92, in the office of the County Recorder of said

26  county.

27  //

28  //

2

1    2.  In accordance with applicable provisions of the Internal Revenue Code,

2   Title 26, United States Code, the United States of America, Internal Revenue

3   Service, has assessed federal income taxes against defendant ORLUN K. JONES

4   and his spouse for tax years 1985, 1986, 1987, 1988, 1989, 1990, 1991, and 1992,

5   that pursuant to such assessments the United States of America has valid and

6   existing federal tax liens against the property interests of defendant ORLUN K.

7   JONES in the four subject properties, and that such liens are foreclosed against the

8   interest of defendant ORLUN K. JONES in the four subject properties.

9    3.  The four subject properties are ordered to be sold by the local Area

10   Director of the Internal Revenue Service for the Area including Riverside County

11   and San Bernardino County, California, (hereinafter "Area Director"), or his

12   delegate, in accordance with the provisions of Title 28, United States Code,

13   Sections 2001 and 2002.

14    4.  With respect to each of the four subject properties, any party to this

15   proceeding or any person claiming an interest in such property may move the

16   Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a

17   private sale of such property in which such party or person claims an interest.  Any

18   such motion shall be filed within twenty (20) days of the date of this Judgment of

19   foreclosure and shall set forth with particularity (a) the nature of the moving

20   party's interest in the particular property, (b) the reasons why the moving party

21   believes that a private sale would be in the best interests of the United States of

22   America and any other claimant involved herein, (c) the names of three proposed

23   appraisers and a short statement of their qualifications, and (d) a proposed form of

24   order stating the terms and conditions of the private sale.  Any such motion shall

25   comply with Rule 7 of the Local Rules of the District Court for the Central District

26   of California.

27   //

28   //

1    5.  The Area Director, or his delegate, is ordered to sell each of the four

2  subject properties if such property does not become the subject of a motion

3  pursuant to the preceding paragraph, in accordance with Title 28, United States

4  Code, Sections 2001(a) and 2002.  Each of the four subject properties shall be sold

5  at a public sale, with the sale of the Lindina property to be held at the Riverside

6  County Courthouse, 4050 Main Street, Riverside, California, and the sales of the

7  Bonnie, Peak Circle, and Newcomb properties to be held at the San Bernardino

8  County Superior Courthouse, 351 North Arrowhead Avenue, San Bernardino,

9  California.  The procedures for each sale shall be as follows:

10    a.  Notice of the sale shall be published once a week for at least

11    four (4) weeks prior to the sale in at least one newspaper regularly

12    issued and of general circulation in the county in which the property

13    to be sold is located.  Said notice shall describe the property by both

14    its street address and legal description, and shall contain the terms and

15    conditions of sale as set out herein.

16    b.  The terms and conditions of sale shall be as follows:

17    A minimum bid determined by reference to the

18    current fair market value shall be required.  The

19    minimum bid shall be 75% of the current fair market

20    value as determined by an appraisal of the particular

21    property by the Internal Revenue Service.  The terms of

22    sale as to all persons or parties bidding shall be cash.

23    The successful bidder shall be required to deposit with

24    the Area Director cash equal to twenty percent (20%) of

25    the bidder's total bid immediately upon the property

26    being struck off and awarded to such bidder as the

27    highest and best bidder; and the remaining eighty percent

28    (80%) of said purchase price is to be paid on or before

1    5:00 p.m., within three (3) days of the date of sale.

2    Should any person bid off the property at the sale by

3    virtue of this Judgment and Order of Sale, and fail to

4    comply with the terms of the sale, such bidder shall be

5    liable to the United States for twenty percent (20%) of

6    the value of the property thus bid off as a penalty, and

7    said deposit shall be paid over and delivered to the

8    United States to be applied toward payment of said

9    penalty, but payment of said penalty shall not be a credit

10   against the taxes assessed against ORLUN K. JONES.

11   6. Upon selling each of the four subject properties, the Area Director, or his

12   delegate, shall prepare and file with this Court an accounting and report of sale for

13   each such property, and shall give to the purchaser of the property a Certificate of

14   Sale containing the description of the property sold and the price paid.  The

15   accounting and report of the sale shall be filed within ten (10) days from the date of

16   such sale.  If no objections have been filed in writing in this cause with the Clerk of

17   the Court within fifteen (15) days of the date of sale, the sale shall be confirmed

18   without necessity of motion, and the Area Director shall be directed by the Clerk of

19   the Court to execute and deliver his deed to the purchaser.

20   7. Possession of each of the four subject properties which is sold shall be

21   yielded to the purchaser of such property upon the production of the Certificate of

22   Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may,

23   without further notice, be issued by the Clerk of this Court to compel delivery of

24   the property sold to the purchaser.

25   8. The Area Director shall first use the proceeds of sale for each of the four

26   subject properties to pay the expenses of sale for the particular property, and then

27   to pay any amount due to the County Assessor and Tax Collector (for real property

28   taxes) for all unpaid real property taxes assessed against the particular property to

1   the date of entry of this Judgment of foreclosure, which payment of real property

2   taxes shall also be considered an expense of sale for the purpose of this judgment.

3        9. To the extent that there are sales proceeds remaining from the sale of the

4   Lindina property, after the payment of the expenses of sale as set forth in

5   paragraph 8 above, such remaining proceeds shall be treated as a single fund and

6   shall be paid over to the Trustee of the bankruptcy estate of the debtors in the case

7   of  In re Orlun and Estela Jones, no. 6:10-bk-27784 (USBC C.D. Ca., Santa Ana

8   Div.) subject to the following lien:

9           (i) A first priority lien in favor of the United States of America

10            for the federal income tax assessments described in paragraph 2

11            above, in the amount owing on such tax liens at the time of the

12            sale of the Lindina property.

13      10. To the extent that there are sales proceeds remaining from the sale of the

14  Bonnie property, after the payment of the expenses of sale as set forth in paragraph

15  8 above, such remaining proceeds shall be treated as a single fund and shall be paid

16  over to the Trustee of the bankruptcy estate of the debtors in the case of In re Orlun

17  K. Jones and Estela Jones, no. 6:10-bk-27784 (USBC C.D. Ca., Santa Ana Div.)

18  subject to the following liens with the following priorities:

19          (i) First, the mortgage lien against the Bonnie property in favor

20            of Mortgage Electronic Registration Systems, Inc. ("MERS") ,

21            in the amount owing to MERS at the time of sale of the Bonnie

22            property; and

23          (ii) Second, the tax liens in favor of the United States of

24            America for the federal income tax assessments described in

25            paragraph 2 above, in the amount owing on such tax

26            assessments at the time of the sale of the Bonnie property,

27            which lien is subordinate to the mortgage lien against the

28            Bonnie property in favor of MERS.

1    11. To the extent that there are sales proceeds remaining from the sale of the

2  Peak Circle property, after the payment of the expenses of sale as set forth in

3  paragraph 8 above, such remaining proceeds shall be treated as a single fund and

4  shall be paid over to the Trustee of the bankruptcy estate of the debtors in the case

5  of <u>In re Orlun K. Jones and Estela Jones</u>, no. 6:10-bk-27784 (USBC C.D. Ca.,

6  Santa Ana Div.) subject to the following liens:

7                    (i) First, a first priority lien in favor of The MacPherson Group,

8                    P.C., in the amount of $33,172.00 for legal fees and costs owed

9                    by ORLUN K. JONES to The MacPherson Group, P.C.; and

10                   (ii) Second, the tax liens in favor of the United States of

11                   America for the federal income tax assessments described in

12                   paragraph 2 above, in the amount owing on such tax

13                   assessments at the time of the sale of the Peak Circle property,

14                   which lien is subordinate to the lien against the Peak Circle

15                   property in favor of The MacPherson Group, P.C.

16    12. To the extent that there are sales proceeds remaining from the sale of the

17  Newcomb property, after the payment of the expenses of sale as set forth in

18  paragraph 8 above, such remaining proceeds shall be treated as a single fund and

19  shall be paid over to the Trustee of the bankruptcy estate of the debtor in the case

20  of <u>In re Jayson N. Jones</u>, no. 6:11-bk-27415 (USBC C.D. Ca., Santa Ana Div.)

21  subject to the following liens:

22                   (i) First, the mortgage lien against the Newcomb property in

23                   favor of MERS, in the amount owing to MERS at the time of

24                   sale of the Newcomb property;

25                   (ii) Second, a second priority lien in favor of The MacPherson

26                   Group, P.C., in the amount of $33,172.00 for legal fees and

27                   costs owed by ORLUN K. JONES to The MacPherson Group,

28

1       P.C., which lien is subordinate to the lien against the Newcomb

2       property in favor of MERS; and

3       (iii) Third, the tax liens in favor of the United States of America

4       for the federal income tax assessments described in paragraph 2

5       above, in the amount owing on such tax assessments at the time

6       of the sale of the Newcomb property, which lien is subordinate

7       to both the lien against the Newcomb property in favor of

8       MERS, and the lien against the Newcomb property in favor of

9       The MacPherson Group, P.C.

10      13.  The lien claim of The MacPherson Group, P.C., against the Peak Circle

11   and Newcomb properties, in the amount of $33,172.00 as described in paragraphs

12   11 and 12 above, may ultimately be recovered by The MacPherson Group, P.C., in

13   accordance with the priorities described above, only once, whether such amount is

14   paid to The MacPherson Group, P.C., from the proceeds of the sale of the Peak

15   Circle property, from the proceeds of the sale of the Newcomb property, or

16   partially from the proceeds of the sales of both such properties.

17      14.  The tax lien claims of the United States encumber each of the four

18   subject properties and may ultimately be partially or wholly recovered by the

19   United States, in accordance with the priorities described above, from the proceeds

20   of the sales of each of the properties, up to the total amount due and owing on such

21   tax liens as of the date of sale of each of the four subject properties.

22   //

23   //

24   //

25   //

26   //

27   //

28

1    15. The Court hereby retains jurisdiction of this matter for the purpose of

2  approving the Area Director's Accounting and Report of Sale for each property,

3  and ensuring that following such accountings by the Area Director, the remaining

4  proceeds of each such sale, after payment of the expenses of sale as described in

5  paragraph 8 above, is properly distributed to the bankruptcy Trustees as described

6  in paragraphs 9 through 12 above.

7

8    **IT IS SO ORDERED.**

9

10  DATED: March 5, 2012.

11

12  _____

13  DAVID O. CARTER
     UNITED STATES DISTRICT JUDGE

14

15  Respectfully submitted,
     ANDRÉ BIROTTE JR.
     United States Attorney

16  SANDRA R. BROWN
     Assistant United States Attorney

17  Chief, Tax Division

18

19  _____
     DARWIN THOMAS
     Assistant United States Attorney

20  Tax Division
     Attorneys for Plaintiff United States of America

21

22

23

24

25

26

27

28

9